

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Clifford B. Jones, President
Texas Technological College
Lubbock, Texas

Dear Sir:

Opinion No. O-1195
Re: Construction of term "convention"
and term "State's business", as
used in the Departmental Appropri-
ation Bill.

By your letter of October 30th, 1939, supplemented by
your telegram of October 31st, you request the opinion of this
department of the construction to be placed upon the term
"convention" and the term "State's business," appearing in the
Departmental Appropriation Bill, as respects the.four fact
situations set out in your letter as follows:

"A meeting of the American Society of Agronomy
and Soil Science Society of America, attendance
upon which on the part of the Head of one of our
Departments has been authorized by our Board of
Directors;

"The National Dairy Show at which our Dairy
Cattle Judging Team will judge cattle, attendance
upon which on the part of one of our Instructors
in Animal Husbandry has been authorized by our
Board of Directors;

"American Royal Livestock Show where our team
in Animal Husbandry judged and attendance upon
which on the part of one of our Professors was
authorized by our Board of Directors;

"The National meeting of the International
Milk Sanitarians, at which the Head of our Dairy
Manufactures Department will present a paper on
'The Training of Pasteurization Plant Operators,
whose Leave of Absence has been authorized by our
Board of Directors."

In our opinion No. O-1272, addressed to Hon. Roy Loven-
thal, Chairman, Livestock Sanitary Commission, under date of
September 7, 1939, we dealt with the construction to be placed

Hon. Clifford B. Jones, page 2          O-1195

upon the word "convention" in the following language:

"In answering your first, as well as your
second question, we attribute to the word 'conven-
tion,' as used in the provision of the rider quoted
above, its usual and common meaning, as found in
Webster's New International Dictionary, to-wit,
'a body or assembly of persons meeting for some
common purpose.' It seems to us that no broader
prohibition might have been made by the Legislature
than the phrase 'any type of convention within the
State or without the State.'"

The distinguishing characteristic of a convention or
assembly seems to be that the meeting is held for the accom-
plishment of some end or purpose common to those who attend
it. Such meetings as the meeting of the American Society of
Agronomy and Soil Science Society of America, and the National
meeting of the International Milk Sanitarians, being for the
purpose of transacting the business of these organizations,
are clearly "conventions."

On the contrary, we are of the opinion that the Na-
tional Dairy Show and the American Royal Livestock Show are
not "conventions" within the meaning ascribed to that term
above.

In determining whether reimbursement may be made for
traveling expenses in any event, it must be recognized that no
reimbursement may be had unless the purpose of the trip upon
which such expenses were incurred was the accomplishment of
"State's business."

"State's business," as relates to the authority of a
department to incur traveling expenses to be paid by the State,
seems to us to embody at least the following elements:

1. A reasonable, substantial, and direct relation be-
tween the business to be transacted on the trip and the accom-
plishment of the functions of government entrusted to the
particular department.

2. A reasonable, substantial, and direct relationship
between the method by which the particular business is intend-
ed to accomplish the function of Government entrusted to the
department, and the powers granted the department by law for
the accomplishment of such functions.

Certain fact situations will clearly involve the trans-
action of "State's business." As an example of such a situa-

tion, "State's business" would clearly be involved in the sending of an Assistant Attorney General from this department on a trip to Washington, D. C. for the purpose of arguing a case before the Supreme Court of the United States in which the State of Texas is a party. Likewise, certain fact situations will clearly demonstrate that State's business is not involved. An example of this would be the sending of an Assistant Attorney General of this department to Harvard University for the purpose of taking a course there in Federal Procedure. It is true that in this latter fact situation, there may be some relation between the business to be transacted on the trip and the accomplishment of the functions of government entrusted to the Attorney General's Department, in that the taking of such a course in Federal Procedure by the Assistant Attorney General would be calculated to enable him to render more efficient service for the State in the accomplishment of the functions of government entrusted to the Attorney General's Department. However, the relationship in such a situation between the business to be transacted on the trip and the accomplishment of the functions of government entrusted to the department is exceedingly indirect and remote, rather than reasonable, substantial and direct. The purpose of such a trip, in its essential aspects, would be private, and therefore reimbursement for traveling expenses could not be made.

Of course, as between the two extremes, there must necessarily be a zone of doubt, where the judgment of the department heads, under the sanction of their official oaths, becomes the only practicable criterion by which the question whether the State's business is involved in the particular trip may be determined.

Dealing with your particular fact situations, we must advise that:

1. Sufficient facts are not given to enable us to determine whether attendance by the head of one of your departments upon a meeting of the American Society of Agronomy and Soil Science Society of America has for its purpose the performance of "State's business."

2. We presume that your Instructor in Animal Husbandry is required to accompany your Dairy Cattle Judging Team to the National Dairy Show, where they will judge cattle. This appears to us to have a sufficiently direct relation to the discharge of the functions of government imposed upon your institution, to-wit, education, to constitute "State's business."

3. Our opinion expressed under paragraph 2 immediately

above applies also to your Professor who accompanied your team in Animal Husbandry to the American Royal Livestock Show, where such team judged.

4. We are of the opinion that the attendance of the head of your Dairy Manufactures Department at the National meeting of the International Milk Sanitarians, for the purpose of presenting a paper on "The Training of Pasteurization Plant Operators," is not a trip for the purpose of performing "State's business." There would seem to be no reasonable, substantial, and direct relation between the business to be transacted on this trip, to-wit, the presenting of a paper to the International Milk Sanitarians on "The Training of Pasteurization Plant Operators," and the accomplishment of the function of government entrusted to your department of the State Government, to-wit, the education of students enrolled in your college.

We trust that the above sufficiently answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/R. W. Fairchild
R. W. Fairchild
Assistant

RWF:pbp:wc


APPROVED NOV 22, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman